## A89A1970. SINGLETON v. THE STATE.
(390 SE2d 648)

Cooper, Judge.

After a bench trial, appellant was convicted on two counts of felony obstruction of an officer. (OCGA § 16-10-24 (b).) The evidence adduced at trial authorized the court to find: that three police officers responded to a call about a disorderly person with a gun; that the first officer to arrive observed appellant with his hands in his pockets, acting in a disorderly manner; that appellant refused to take his hands from his pockets upon being requested to do so by the officer; that the second officer to arrive informed the first officer, in the presence of appellant, that a radio transmission had confirmed the existence of outstanding warrants for appellant's arrest; that appellant then ran into the house followed by the officers; that a struggle began when the officers attempted to apprehend appellant; that during the struggle a third officer arrived on the scene; that appellant struggled violently with the three officers, refusing to let them handcuff him; and that as a result of appellant's struggle two of the officers were injured.

1. A person is guilty of felony obstruction when he "knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person. . . ." OCGA § 16-10-24 (b). Appellant first contends that since the officers were not in possession of the warrants for his arrest, they were not in the lawful discharge of their duties. We do not agree. The officers were in the lawful discharge of their duties when they responded to the disorderly person call. The radio transmission, which confirmed the outstanding warrants, established the necessary probable cause to arrest appellant. See *Paxton v. State*, 160 Ga. App. 19 (1) (285 SE2d 741) (1981). Since the officer had probable cause to arrest appellant, and the officer and appellant were made aware of the outstanding warrants for appellant's arrest, the court was authorized to find that appellant obstructed the officers in the lawful discharge of their duties.

2. In his second enumeration of error, appellant contends that since he was mistaken about whether there were warrants for his arrest, under OCGA § 16-3-5 he should not have been convicted. It is clear from appellant's argument that his concern was whether the officers had the lawful authority to arrest him. This was not a misapprehension of fact as contemplated by OCGA § 16-3-5 but was instead a misapprehension of law. *Brown v. State*, 163 Ga. App. 209 (3) (294 SE2d 305) (1982). "[It] is axiomatic that '(i)gnorance of the law excuses no one.' [Cit.]" *Jenga v. State*, 166 Ga. App. 36 (2) (303 SE2d 170) (1983).

3. All three of the officers testified about the violent nature of appellant's struggle during their attempt to arrest him. Accordingly,

we find the evidence sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Appellant's fourth enumeration of error is that the trial court erred in not ordering a forensic evaluation of his competency to stand trial and his competency at the time of the crime. Prior to the start of the trial, appellant's attorney moved to withdraw due to appellant's lack of cooperation. The trial court denied the motion, but agreed to closely monitor the evidence and entertain a motion for mistrial should the evidence warrant such a motion. Appellant testified at trial, and the court had an opportunity to observe his demeanor throughout the trial. Appellant's attorney did not move the court for a hearing on appellant's competency to stand trial, and did not move for a mistrial at anytime during the proceedings. "Absent a special plea of insanity, there is no mandatory duty on the trial judge to impanel a special jury to determine that issue." *Ricks v. State*, 240 Ga. 853 (1) (242 SE2d 604) (1978); *Dowdy v. State*, 169 Ga. App. 14 (1) (311 SE2d 184) (1983). Furthermore, since no evidence of incompetence manifested itself during the proceedings, the trial court had no constitutional duty to inquire into the issue of competency. *Harris v. State*, 256 Ga. 350 (2) (349 SE2d 374) (1986).

5. In appellant's final enumeration of error he contends that the evidence of a similar transaction should not have been admitted. At trial, the State introduced evidence of appellant's prior conviction for obstruction of an officer that resulted from a violent struggle he had with two police officers attempting to arrest him. Appellant admits that he was the perpetrator of the prior offense, but argues that there was not sufficient similarity between the two offenses. We disagree. Both offenses, which occurred within nine months of each other, involved appellant's uncooperative and violent behavior toward police officers when they attempted to arrest him. "[T]here is no requirement that a previous offense be absolutely identical to the one being prosecuted so as to make it admissible." *Mims v. State*, 180 Ga. App. 3, 5 (2) (348 SE2d 498) (1986). We find that the trial court properly admitted into evidence the similar transaction.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 6, 1990.

*C. Jackson Burch*, for appellant.
*Spencer Lawton, Jr., District Attorney*, for appellee.