A91A0679. THE STATE v. AKINSONWON.
(407 SE2d 434)

CARLEY, Judge.

Based upon an encounter at the Atlanta airport, appellee was charged with having given a false name to a law enforcement officer. Appellee filed a pretrial motion to suppress and, at the conclusion of the hearing on appellee's motion, the trial court stated that it did not "see that there's been any . . . articulable suspicion [shown] by the State to even begin this sort of thing." Accordingly, the trial court granted appellee's motion in an order holding "that the State lacked any 'articulable suspicion.' . . ." It is from that order that the State appeals.

" 'Theoretically, there are at least three kinds of police-citizen encounters: verbal encounters involving no coercion or detention; brief "stops" or "seizures" which must be accompanied by a reasonable suspicion; and "arrests" which must be supported by probable cause. [Cits.]' [Cit.]" *Calixte v. State*, 197 Ga. App. 723, 725 (2) (399 SE2d 490) (1990). Thus, the existence of an articulable suspicion would have to be shown *if* the State had been seeking to uphold the search as the non-consensual product of an initial seizure of appellee. However, the State was *not* seeking to do so. It was the State's posi-

tion that the search was the consensual product of a mere verbal encounter which had involved no initial seizure of appellee and which need not have been supported by the existence of an articulable suspicion.

"Not every encounter between the police and a citizen is an intrusion which requires a reasonable suspicion of wrongdoing. 'Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a "seizure" has occurred.' [Cit.] 'The purpose of the Fourth Amendment is not to eliminate all contact between the police and the citizenry, but "to prevent arbitrary and oppressive interference by enforcement officials with the privacy and personal security of individuals." [Cit.] As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized and objective justification. Moreover, characterizing every street encounter between a citizen and the police as a "seizure," while not enhancing any interest secured by the Fourth Amendment, would impose wholly unrealistic restrictions upon a wide variety of legitimate law enforcement practices. . . [.] [A] person has been seized within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.' [Cit.]" *King v. State*, 161 Ga. App. 382-383 (1) (288 SE2d 644) (1982). Accordingly, a law enforcement officer's act of merely approaching an individual, asking to see his identification, and posing to him a few questions is *not* a "seizure" and need *not* be justified by the existence of an articulable suspicion. *McShan v. State*, 155 Ga. App. 518 (1) (271 SE2d 659) (1980).

The State's evidence showed that there had been no initial seizure of appellee, but a mere verbal encounter which had culminated in a consent search. Accordingly, the State understandably made no showing of any articulable suspicion such as would be necessary to justify a seizure of appellee. *McShan v. State*, supra. Appellee's testimony presented a different version. Construing his testimony most favorably for him, appellee was not subjected to a mere verbal encounter, but was initially seized and then subjected to a nonconsensual search. Thus, there was *no* dispute whatsoever as to the lack of an articulable suspicion. The *only* dispute was whether appellee had been "seized" prior to the search. However, the trial court did not base its ruling upon the factually disputed issue of whether there had been an initial seizure of appellee. Instead, the trial court based its ruling upon the factually undisputed lack of an articulable suspicion. If the trial court concluded that the State was required to show an articulable suspicion to justify initiation of a mere verbal encoun-

ter with appellee, the grant of the motion was predicated upon an erroneous legal theory.

" ' "(W)here there is a conflict in the evidence on the motion to suppress, the ruling of the trial court will be upheld where there is any evidence to authorize a finding in support of his order." [Cit.] Although, in this case, the evidence [as to whether appellee was initially seized] was definitely conflicting, a review of the transcript statement of the trial court and of the written order itself reveals clearly that the trial court did not really resolve [this] disputed [issue] of fact. The trial court simply held that [the State had failed to show an articulable suspicion]. Furthermore, a review of the [transcript statement of the trial court] and the order also indicates that the trial court did not consider [whether the search was valid notwithstanding the lack of an articulable suspicion]. In this connection, we recognize that there is no requirement that the trial judge make specific findings of fact after a hearing on a motion to suppress. [Cit.] Thus, if, on this record containing conflicting testimony [regarding whether appellee was initially seized], the trial court had simply granted the motion to suppress, we would affirm [because seizure must be justified by at least an articulable suspicion]. [Cit.] In this case, however, the record shows that the trial court did not really make any findings of fact [as to whether appellee had been initially seized], articulated or not. . . . Accordingly, this case must be remanded to the trial court for redetermination of the relevant issues after consideration of all of the evidence. [Cits.]' [Cits.]" *State v. Lamotte*, 196 Ga. App. 713-714 (396 SE2d 806) (1990).

*Judgment reversed and case remanded with direction. Banke, P. J., and Beasley, J., concur.*

DECIDED JUNE 19, 1991 —
RECONSIDERATION DENIED JULY 2, 1991.

*Keith C. Martin, Solicitor, Kimberly C. Carr, Assistant Solicitor,* for appellant.

*Cowen & Cowen, Martin L. Cowen III,* for appellee.