A92A1035. VANCE v. THE STATE.
(421 SE2d 730)

McMURRAY, Presiding Judge.

Defendant was indicted for violating the Georgia Controlled Substances Act (possession of cocaine). The evidence adduced at a motion to suppress hearing revealed the following: At about 11:30 p.m. on March 27, 1990, Officer Anthony Volkadav and two other officers of the Atlanta Police Department were on routine patrol in a "housing projects area" when they observed defendant "standing by one of the buildings." Officer Volkadav pulled over and "motioned to [defendant] to come to the patrol car." Defendant withdrew his hands from his pockets and placed his right hand behind his leg. Officer Volkadav then observed defendant "drop an object" from his right hand and walk toward the patrol car. Officer Volkadav detained defendant at the police car while the other two officers investigated the area where defendant dropped the object. The officers found "one small glassine envelope which contained suspected crack cocaine. . . ." Defendant was arrested.

The trial court denied defendant's motion for new trial. This appeal followed defendant's conviction for possession of cocaine. *Held*:

Defendant contends the trial court erred in denying his motion to suppress, arguing he was stopped and detained by law enforcement officers without articulable suspicion that he had committed or was about to commit a crime.

"It has been said that United States ' "Supreme Court holdings sculpt out, at least theoretically, three tiers of police-citizen en-

counters: (1) communication between police and citizens involving no coercion or detention and therefore without the compass of the Fourth Amendment, (2) brief 'seizures' that must be supported by reasonable suspicion, and (3) full-scale arrests that must be supported by probable cause. (Cits.)" ' *McAdoo v. State,* 164 Ga. App. 23, 26 (295 SE2d 114)." *Alexander v. State,* 166 Ga. App. 233 (2), 234 (303 SE2d 773).

In the case sub judice, defendant contends he was unlawfully detained when Officer Volkadav waved him to the patrol car, arguing that refusal to comply with the officer's demand may have led to police oppression and brutality. This contention is without merit. Defendant had no previous contact with police officers on the night of his arrest and Officer Volkadav's gesture for defendant to come to the patrol car was not accompanied by threats or coercion. In fact, defendant gave direct testimony that it was his choice to approach the officers.

Defendant was not detained until after Officer Volkadav observed defendant remove his hands from his pants' pockets and drop an object behind his right leg. This evidence justified defendant's brief detention while the officers investigated the area where defendant dropped the object. The trial court did not err in denying defendant's motion to suppress.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED JULY 2, 1992 —
RECONSIDERATION DENIED JULY 27, 1992 — 

*Corinne M. Mull-Milsteen,* for appellant.
*Robert E. Wilson, District Attorney, Elisabeth MacNamara, Assistant District Attorney,* for appellee.