A92A1847. THE STATE v. WILLIS.
(427 SE2d 306)

CARLEY, Presiding Judge.

Appellee was charged with possession of a firearm by a convicted felon and obstruction of an officer. He filed a pre-trial motion to suppress which was granted by the trial court. It is from that order that the State brings the instant appeal.

It is undisputed that, at the time of initiation of the encounter, the officer had neither probable cause to arrest appellee nor an articulable suspicion of appellee's criminal activity. According to the officer, he was on routine patrol in the same high-crime area that he had been patrolling for two years when he observed appellee. Since appellee was a stranger to the officer, the officer approached and merely asked if appellee lived in the area. When appellee indicated that he did, but could not supply a specific address, the officer asked for identification. Appellee produced a temporary driver's license which indicated that, less than a month previously, he lived at an address which was not located in the area. Appellee then admitted that he did not live in the area, but was visiting a friend. However, appel-

lee was unable to tell the officer who his friend was. The officer then asked if appellee would consent to a search. According to the officer, appellee initially consented but, when the officer reached toward a large bulge in the pocket of appellee's jacket, appellee bolted and ran. According to appellee, however, he did not give his consent to the search and fled only because the officer was nevertheless attempting to search him. The fleeing appellee was pursued, apprehended and a search of the pocket of his jacket revealed a semi-automatic pistol.

On this evidence, the trial court granted appellee's motion to suppress, concluding that "the police officer did not have reasonable suspicion to stop and question [appellee]." This is clearly an erroneous basis for granting appellee's motion to suppress. " '(E)ven when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual (cits.); ask to examine the individual's identification, (cits.); and request consent to search . . ., (cit.) — as long as the police do not convey a message that compliance with their requests is required.' [Cit.] . . . '(I)t (is) clear that a seizure does not occur simply because a police officer approaches an individual and asks a few questions. So long as a reasonable person would feel free "to disregard the police and go about his business," (cit.), the encounter is consensual and no reasonable suspicion is required. The encounter will not trigger Fourth Amendment scrutiny unless it loses its consensual nature.' [Cit.]" *State v. Westmoreland*, 204 Ga. App. 312-313 (1) (418 SE2d 822) (1992). See also *Vance v. State*, 205 Ga. App. 201 (421 SE2d 730) (1992); *State v. Jackson*, 201 Ga. App. 810, 813-814 (2) (412 SE2d 593) (1991).

It is undisputed that, at least until appellee fled, the encounter was consensual in nature and had not become a seizure. Appellee himself testified that he felt that he was free to leave and, in fact, fled to avoid being subjected to a non-consensual search. Compare *State v. Westmoreland*, supra at 313 (2). The only dispute is whether appellee had consented to being searched before he fled. If, as the officer testified, appellee had initially consented, the subsequent act of fleeing, coupled with appellee's evasive answers regarding his presence in the high-crime area, would authorize a finding of probable cause to believe that the bulge in appellee's jacket pocket was contraband of some sort. See *State v. Reid*, 247 Ga. 445 (276 SE2d 617) (1981); *State v. Billoups*, 191 Ga. App. 834 (383 SE2d 198) (1989); *Brown v. State*, 188 Ga. App. 417 (373 SE2d 99) (1988); *Banks v. State*, 187 Ga. App. 280, 281 (1) (370 SE2d 38) (1988); *Green v. State*, 127 Ga. App. 713, 715 (194 SE2d 678) (1972). If, as appellee testified, he had not consented, the act of fleeing would authorize a finding that appellee was merely acting in a justifiable attempt " 'to avoid the persistence of an officer who refused to take "no" for an answer.' " *Jamison v. State*, 262 Ga. 40 (414 SE2d 466) (1992).

The trial court did not address the *only* disputed issue: Whether, as the officer testified, the consensual encounter had given rise to probable cause to believe that appellee was in possession of contraband or whether, as appellee testified, the consensual encounter had given rise to the officer's unauthorized attempt to search appellee without his consent. "Instead, the trial court based its ruling upon the factually undisputed lack of an articulable suspicion. [Since] the trial court concluded that the State was required to show an articulable suspicion to justify initiation of a mere verbal encounter with appellee, the grant of the motion was predicated upon an erroneous legal theory." *State v. Akinsonwon*, 200 Ga. App. 287, 288-289 (407 SE2d 434) (1991). Accordingly, the trial court's order must be reversed and the case remanded to the trial court for a redetermination of the relevant issue after consideration of all of the evidence.

*Judgment reversed and case remanded with direction. Pope, C. J., and Johnson, J., concur.*

DECIDED JANUARY 12, 1993.

*Robert E. Keller, District Attorney, Daniel J. Cahill, Jr., Assistant District Attorney,* for appellant.
*Suellen Fleming,* for appellee.