A96A1352. HOLMES v. THE STATE.
(476 SE2d 37)

BEASLEY, Chief Judge.

Holmes was convicted on one count of possession of cocaine, OCGA § 16-13-30 (a), and found to be a recidivist, OCGA § 17-10-7. In his sole enumeration of error, he contends the court erred in denying his motion to suppress evidence gained through an illegal search.

We review the trial court's ruling on a motion to suppress by construing the evidence "most favorably to uphold the findings and judg-

ment[;] and the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous. [Cit.]" *Burse v. State*, 209 Ga. App. 276 (433 SE2d 386) (1993). The evidence presented both at trial and at the motion hearing is considered. *Beck v. State*, 216 Ga. App. 532, 536 (1) (455 SE2d 110) (1995).

At approximately 4:30 in the afternoon, Officer Myrick, in uniform and with two other officers, was on regular patrol in a public housing project that was a high-crime, high-drug area. After dissipating a disturbance, Myrick and the other officers asked those nearby whether they were residents of the housing project and told them that if they were not, they must leave the area. This was standard operating procedure of the police department in this housing project to help suppress drug traffic there. Myrick did not encounter Holmes at that time.

The officers returned to the area around 11:30 p.m. While on foot patrol, Myrick met Holmes walking alone on a cul-de-sac and asked if he lived there. Holmes stated he did not and Myrick told him he had to leave. Holmes stated he would do so and began walking away as though leaving the project. Approximately 15 minutes later Myrick again saw Holmes in the project, about a hundred yards from his previous location, going in the opposite direction than he had done before. Myrick called to him by name, and perhaps said something such as "Hey," but Holmes went behind a building to hide.

The three officers approached Holmes and one officer told him to put up his hands. They conducted a pat-down search for weapons because of the nature of the area, the time of night, and Holmes' attempt at evasion. Under Holmes' coat, in his left front shirt pocket, the officers found a glass and copper pipe of the type used to smoke crack cocaine. The pipe contained what appeared to be (and was) cocaine residue, and they arrested Holmes.

" 'Supreme Court holdings sculpt out, at least theoretically, three tiers of police-citizen encounters: (1) communication between police and citizens involving no coercion or detention and therefore without the compass of the Fourth Amendment, (2) brief seizures that must be supported by reasonable suspicion, and (3) full-scale arrests that must be supported by probable cause.' [Cit.]" *In the Interest of S. B.*, 207 Ga. App. 60, 61 (427 SE2d 52) (1993).

When Myrick called Holmes, he had not been seized. See *Ward v. State*, 193 Ga. App. 137, 138 (1) (387 SE2d 150) (1989); *Vance v. State*, 205 Ga. App. 201 (421 SE2d 730) (1992). When he was told to raise his hands and was given the pat-down search, the police possessed information that would support articulable suspicion. Holmes did not live in the housing project but was there alone late at night, near an earlier altercation, in an area known for high crime and drug use. See *Jones v. State*, 216 Ga. App. 449 (454 SE2d 631) (1995). He

had stated he would leave and had walked away as though to do so but quickly returned, showing an intention to deceive the officers. See *Clark v. State*, 183 Ga. App. 838, 840 (1) (360 SE2d 447) (1987); accord *Moon v. State*, 194 Ga. App. 777 (392 SE2d 19) (1990) (multiple suspects gave inconsistent, and therefore apparently untrue, answers to minimal questioning). When the police called to him, he attempted evasion. See *Copeland v. State*, 213 Ga. App. 39, 41 (1) (443 SE2d 869) (1994). Taken together, these facts were sufficient to establish an articulable suspicion that Holmes was involved in criminal activity and the police were justified in conducting a pat-down for weapons. Holmes' citation to *Sams v. State*, 265 Ga. 534 (459 SE2d 551) (1995), does not change the analysis; the decision to stop Holmes was based on his behavior, not his race.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 30, 1996.

James C. Wyatt, for appellant.

Stephen F. Lanier, District Attorney, Leigh E. Patterson, Emory B. Thompson, Assistant District Attorneys, for appellee.