## A02A1741. BUCHANAN v. THE STATE.
(576 SE2d 556)

SMITH, Presiding Judge.

After withdrawing his motion for new trial, James Buchanan appeals from his conviction and sentence for possession of cocaine. In his sole enumeration of error, he contends the trial court erred in

denying his motion to suppress evidence. We find no merit in this contention, and we affirm.

The record shows that while patrolling the area around a motel known for drugs and prostitution, a Forest Park police officer observed Buchanan leaning against the boarded-up window of a portion of the motel under renovation. Before talking with Buchanan, the officer drove around to the front of the motel, walked inside, and upon inquiry to the front desk clerk, learned that the desk clerk was not familiar with the man standing outside at the end of the building. When the officer returned, Buchanan was sitting in a green car that had been in the parking lot so long the officer thought it was abandoned. The officer then left the patrol car, approached Buchanan, and asked for and received identification from him. The officer asked Buchanan why he was in the area, and Buchanan replied that he worked there. Before the officer could tell Buchanan about his conversation with the desk clerk, Buchanan interrupted, changed his answer, and told the officer he had been visiting someone who worked there.

The officer requested that dispatch check Buchanan's name on the State computer, and he was advised that a warrant was outstanding for Buchanan, who was wanted for contempt of court in Forest Park. The officer then arrested Buchanan under the warrant, handcuffed him, and patted him down. A large amount of cash was found in Buchanan's sock. The officer found a motel room key during the pat-down, and Buchanan stated he had a room there.[1] When Buchanan was instructed to sit down in the back seat of the patrol car, he was not cooperative. The officer, as well as another officer who had arrived as backup and was standing on the other side of the patrol car to assist, kept urging Buchanan to "slide into the car, slide into the car." When Buchanan finally began sliding into the back seat of the patrol car, change fell out of his right pants pocket, along with a small blue baggie containing a white powder. Buchanan denied the baggie was his, but the officer testified that before going out on patrol that morning, he had checked the back seat as usual by removing it, shaking it, and looking underneath and nothing was present. Buchanan was the only person who had occupied the back seat on that date.

The coins and the baggie remained in the patrol car until the officer and Buchanan reached the jail. The officer then picked them up, and the coins were eventually returned to Buchanan. The officer took the baggie to the police station, where it was field tested, sealed,

---

[1] The officer later learned that Buchanan had rented a room the night before, but had not paid for another day. Because the encounter took place after checkout time, Buchanan no longer had the room.

and placed into storage as evidence. It was then turned over to the State Crime Lab for testing. A forensic chemist testified that the contents tested positive for cocaine.

Buchanan contends the trial court erred in denying his motion to suppress, made on the ground that his arrest was illegal because it was made without a warrant, he was lawfully on the motel grounds, and no warrant was ever produced. We do not agree.

"At least three types of police-citizen encounters exist: verbal communications that involve no coercion or detention; brief 'stops' or 'seizures' that must be accompanied by a reasonable suspicion; and 'arrests,' which can be supported only by probable cause." (Punctuation and footnote omitted.) *Soloman v. State*, 252 Ga. App. 787, 788 (1) (556 SE2d 914) (2001). The trial court found that no evidence was presented that any seizure, detention, or arrest took place until after the check of Buchanan's identification showed an outstanding warrant. The initial approach was simply a "level one" type police-citizen encounter: verbal communication that did not involve coercion or detention.

Upon review of the denial of a motion to suppress, we must construe the record to support the trial court's findings and judgment. Findings on credibility and conflicting evidence must be upheld unless they are clearly erroneous. In addition, the trial court is the trier of fact, and its findings, being analogous to a jury verdict, will not be disturbed so long as some evidence supports them. *Dole v. State*, 256 Ga. App. 146-147 (1) (567 SE2d 756) (2002). Here, the record supports the trial court's determination that the initial approach was a "level one" noncoercive police-citizen encounter and that no seizure or detention took place until after Buchanan's identification was investigated and the warrant was revealed.

> Even when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual, ask to examine the individual's identification; and request consent to search, as long as the police do not convey a message that compliance with their requests is required. It is clear that a seizure does not occur simply because a police officer approaches an individual and asks a few questions.

(Punctuation omitted.) *State v. Willis*, 207 Ga. App. 76, 77 (427 SE2d 306) (1993).

A radio transmission that confirms an outstanding warrant establishes the necessary probable cause to arrest. *Singleton v. State*, 194 Ga. App. 423 (1) (390 SE2d 648) (1990). Although insufficient to authorize conviction, National Crime Information Center printouts

have been held reliable enough to support a "reasonable belief which is needed to establish probable cause for arrest." (Citation and punctuation omitted.) *Harvey v. State*, 266 Ga. 671, 673 (469 SE2d 176) (1996). Probable cause to arrest Buchanan existed once the officer learned of the warrant. Buchanan's arrest was therefore lawful. Id.; *Watts v. Cannon*, 224 Ga. 797, 798 (1) (164 SE2d 780) (1968). Whether or not the information about the warrant later proved incorrect or invalid is immaterial. *Harvey*, supra at 672-673. After Buchanan was arrested on the outstanding warrant and while he was in the process of being placed in the back of the patrol car, the officer observed the suspected drugs in plain view, thereby authorizing the charge on which Buchanan was tried and convicted.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED DECEMBER 17, 2002 —
RECONSIDERATION DISMISSED JANUARY 23, 2003.

*Billy J. Dixon*, for appellant.
James Buchanan, Jr., *pro se*.
*Robert E. Keller, District Attorney, Lalaine A. Briones, Assistant District Attorney*, for appellee.