A07A0260. LUCAS v. THE STATE.
(644 SE2d 302)

Mikell, Judge.

After a bench trial, Anthony Bernard Lucas was convicted of possession of cocaine and sentenced to serve five years, two in prison and the remaining three on probation. On appeal, Lucas argues that his conviction must be reversed because the trial court erroneously denied his motion to suppress. We disagree and affirm.

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.[1]

The evidence shows the following undisputed facts. On January 16, 2006, Corporal Steve Taylor of the LaGrange Police Department was patrolling an area near the intersection of Park Avenue and Ridge Street in Troup County. Taylor testified that he had received complaints from residents in the area about burglaries and loitering, including a report from a homeowner that she found an intruder in her garage one evening. Consequently, he performed "field investigations" of pedestrians whom he observed in the neighborhood late in the evening, during which he would approach the pedestrian, ask him to stand in front of his patrol car, and then turn on the video camera before asking the pedestrian's name, date of birth, social security or driver's license number, home address, telephone number, and height and weight.

At about 10:49 p.m. on the evening in question, Taylor encountered Lucas, who was walking in the street, which Taylor testified was a violation of a city ordinance and state code. Taylor asked Lucas

---

[1] *Attaway v. State*, 236 Ga. App. 307-308 (511 SE2d 635) (1999), quoting *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

his name and date of birth, and Lucas responded cooperatively. Taylor testified that he determined that Lucas had an outstanding warrant so he arrested him and searched him incident to arrest. During the search, Taylor found two glass pipes commonly associated with smoking crack cocaine.

Lucas moved to suppress all evidence seized as a result of the search, arguing that the initial stop violated his Fourth and Fourteenth Amendment rights. He agreed to a combined suppression hearing and bench trial. The trial court concluded that the stop fell within the first level of police-citizen encounters, and that upon learning of the warrant, Taylor had probable cause to arrest and search Lucas.

On appeal, Lucas contends that his motion to suppress should have been granted because the initial stop was illegal. The state maintains that the stop was legal because Lucas violated a city ordinance by walking in the street. Although we agree that the stop was legal, we do not find it so because Lucas violated a city ordinance but because his interaction with the police officer was a first tier police-citizen encounter.

"[T]he State bears the burden of proving that both the search and seizure of evidence were lawful."[2] The state's argument that the seizure was lawful because Lucas violated a city ordinance fails because "the state failed to prove the existence of the local ordinance. Where such an ordinance is relied on, it must be pleaded and proved in the trial court, and absent a properly admitted copy of the ordinance, neither the trial court nor this court may take judicial notice of its existence."[3] The record before us does not contain a copy of the ordinance nor does it show that the state attempted to introduce the ordinance into evidence. Therefore, the state cannot rely on the ordinance to support its argument that Taylor lawfully stopped Lucas. Notwithstanding this conclusion, however, the search and seizure were lawful.

---

[2] (Citation omitted.) *Black v. State*, 281 Ga. App. 40, 47 (1) (635 SE2d 568) (2006).

[3] *In the Interest of J. T.*, 239 Ga. App. 756, 757-758 (521 SE2d 862) (1999) (convictions for obstruction reversed because state failed to introduce ordinance that officer testified served as the basis for his initial attempt to stop defendant). Accord *State v. Forehand*, 246 Ga. App. 590, 592 (1) (542 SE2d 110) (2000) ("where an ordinance is relied on, such as in the case of a stop for violation of local law, the ordinance must be pleaded and proved in the trial court") (footnote omitted). See also *LaRue v. State*, 137 Ga. App. 762-763 (1) (224 SE2d 837) (1976) (denial of motion to suppress reversed in drug possession case where ordinance serving as basis for arrest was not introduced into evidence); *Traylor v. State*, 127 Ga. App. 409-410 (1) (193 SE2d 876) (1972) (denial of motion to suppress reversed in drug possession case where state did not introduce prowling ordinance that was the basis for the defendant's arrest and, thus, did not meet its burden to prove lawfulness of the arrest).

There are at least three types of police-citizen encounters: "verbal communications that involve no coercion or detention; brief 'stops' or 'seizures' that must be accompanied by a reasonable suspicion; and 'arrests,' which can be supported only by probable cause."[4] "A first-tier encounter never intrudes upon any constitutionally protected interest, since the purpose of the Fourth Amendment is not to eliminate all contact between police and citizens, but simply to prevent arbitrary and oppressive police interference with the privacy and personal security of individual citizens."[5] In accordance therewith, during such an encounter, an officer

> may approach citizens, ask for identification, and freely question the citizen without any basis or belief that the citizen is involved in criminal activity, as long as the officers do not detain the citizen or create the impression that the citizen may not leave. . . . So long as a reasonable person would feel free to disregard the police and go about his business, the encounter is consensual and no reasonable suspicion is required.[6]

The only evidence in the record is Taylor's testimony. There was no evidence that Taylor "engaged his siren and emergency equipment, drew his firearm, or made any other show of force. Nor is there any evidence that the officer threatened, coerced, or physically restrained appellant."[7] Officers, having no basis whatsoever to suspect a particular individual, may generally ask questions of that individual and ask to examine his or her identification as long as they do not convey a message that compliance with their requests is required.[8] Taylor testified that he did nothing to make Lucas feel as though he was not free to leave, and the record contains no evidence to the contrary. Therefore, we agree with the trial court's conclusion that Taylor's encounter with Lucas was a first tier police-citizen encounter.

Once Taylor learned of the outstanding warrant against Lucas from the dispatcher, he had probable cause to arrest Lucas.[9] Lucas maintains that the state was required to introduce the warrant into

---

[4] (Citation omitted.) *In the Interest of M. J. H.*, 239 Ga. App. 894, 895 (522 SE2d 491) (1999).

[5] (Citation omitted.) *Collier v. State*, 282 Ga. App. 605, 606 (639 SE2d 405) (2006).

[6] (Footnote omitted.) *State v. Harris*, 261 Ga. App. 119, 121 (581 SE2d 736) (2003).

[7] *Postell v. State*, 279 Ga. App. 275, 276-277 (1) (630 SE2d 867) (2006) (officer's initial approach and questioning of appellant was a level-one, noncoercive police-citizen encounter).

[8] *State v. Willis*, 207 Ga. App. 76, 77 (427 SE2d 306) (1993).

[9] *Buchanan v. State*, 259 Ga. App. 272, 274 (576 SE2d 556) (2002). See also *Singleton v. State*, 194 Ga. App. 423 (1) (390 SE2d 648) (1990).

evidence or otherwise prove its validity. However, the proven accuracy or validity of the warrant is immaterial.[10] Instead, the facts and circumstances known to the arresting officer at that time are material, and if they "are sufficient to warrant a prudent person in believing that the accused had committed or is committing an offense, the warrantless arrest passes constitutional muster."[11] Since "[a] radio transmission that confirms an outstanding warrant establishes the necessary probable cause to arrest[,]"[12] Taylor was authorized to arrest Lucas and search him incident to arrest. Thus, the trial court did not err when it denied Lucas's motion to suppress the evidence produced as a result of the search.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 22, 2007.

*Jon C. Rhoades, Gerald P. Word,* for appellant.
*Peter J. Skandalakis, District Attorney, William D. Hocutt IV, Assistant District Attorney,* for appellee.

---

[10] *Buchanan,* supra at 275.
[11] *Harvey v. State,* 266 Ga. 671, 672 (469 SE2d 176) (1996), citing *Callaway v. State,* 257 Ga. 12, 13-14 (2) (354 SE2d 118) (1987).
[12] *Buchanan,* supra at 274, citing *Singleton,* supra.