73975. SEALS v. THE STATE.
(353 SE2d 577)

DEEN, Presiding Judge.

Melvin Seals appeals from his conviction of trafficking in cocaine, contending that the trial court erred in denying his motion to suppress. *Held*:

The evidence showed that Seals and one Otto Patrick arrived at Hartsfield International Airport on a Delta flight from Miami and that they were to make a connecting flight to Chicago. As Seals approached a Delta agent to obtain information about the connecting flight, he held his ticket open and a Drug Enforcement Administration agent who was standing near the Delta employee observed that Seals was traveling on a one-way ticket purchased for cash, that the flight originated from a known drug source city, that he had no checked luggage and that he carried only a small tote bag. The officer obtained a copy of Seals' reservation record from the computer and discovered that he was a member of a party of two whose reservations had been made approximately two hours prior to departure. A call to the contact number revealed that it was a Miami motel, that the men had checked in at 11:00 p.m. the previous night, and that they paid cash for the room.

The DEA agent and two other agents (one from the GBI) walked to the departing flight gate to interview Seals and Patrick. One agent interviewed Patrick and the other two interviewed Seals. Patrick claimed that he had no identification and consented to a search conducted in a private area. A little less than nine ounces of marijuana were discovered in a gift-wrapped package which he claimed was given to him to deliver to his sister. Seals cooperated with the two interviewing officers; he produced a driver's license as identification,

admitted that he was traveling with Patrick and consented to a search. The officers, however, terminated the interview. Shortly thereafter, the two officers learned that marijuana had been discovered when Patrick was searched and decided to reinterview Seals. When asked if he would mind stepping into a private room, Seals consented. An officer read Seals his rights concerning consent to a search. Seals reached into his pocket and handed the officer a small amount of marijuana. He was placed under arrest and a search revealed that he was carrying a small quantity of cocaine in his pants' pocket and approximately three and one-half ounces of cocaine was concealed in his groin.

The trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. *Woodruff v. State*, 233 Ga. 840, 844 (213 SE2d 689) (1975). On the facts of this case there was no seizure of the defendant and nothing in the record suggests that he had any reason to believe that he was not free to end the conversation in the concourse and proceed on his way. *Voight v. State*, 169 Ga. App. 653, 654 (314 SE2d 487) (1984). Indeed, the initial contact by the officers was terminated by them. The second stop was made only after contraband was discovered in the possession of his traveling companion. At this point the officers had probable cause to resume their investigation to determine Seals' relationship, if any, to the contraband. The evidence shows that he voluntarily accompanied them to the private room and chose to surrender the marijuana in his possession after he was read his rights and consented to the search. He was then arrested and a valid search incident to the arrest revealed that he was in possession of cocaine. *Ullrich v. State*, 176 Ga. App. 260 (335 SE2d 490) (1985).

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED JANUARY 27, 1987 —
REHEARING DENIED FEBRUARY 6, 1987 — 

*Steven E. Lister*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.