### 46648. WYATT v. THE STATE.
(378 SE2d 690)

CLARKE, Presiding Justice.

George Ponder Wyatt was convicted of trafficking in cocaine in violation of OCGA § 16-13-31. He was sentenced to twenty years imprisonment and fined $100,000. We affirm.

Wyatt asserts that the evidence does not support the verdict and that the statute's mandatory fine provision violates the Eighth Amendment of the U. S. Constitution and Art. I, Sec. I, Par. XVII of the 1983 Georgia Constitution.

1. Construed in a light most favorable to the verdict, the evidence showed that Wyatt participated in the sale of three ounces of cocaine to an informant for the Drug Enforcement Administration. He was present during the sale and participated in packaging and weighing the cocaine. When there was a shortfall in the amount, he commented, ". . . we'll make the difference up out of ours." After the sale, Wyatt was arrested at the scene of the sale and drug paraphernalia was seized. We conclude that this evidence is sufficient to support the jury's finding Wyatt guilty beyond a reasonable doubt of the crime of trafficking in cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Under the United States and Georgia Constitutions, a punishment is excessive so as to amount to cruel and unusual punishment if

it "(1) makes no measurable contribution to accepted goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime." *Coker v. Georgia*, 433 U. S. 584 (97 SC 2861, 53 LE2d 982) (1977). We hold that the fine imposed under OCGA § 16-13-31 is not out of proportion to the severity of the crime and is not constitutionally infirm either because of its mandatory nature or its amount. See *Hargrove v. State*, 253 Ga. 450 (321 SE2d 104) (1984) (a $5,000 mandatory fine for dogfighting is not cruel and unusual punishment); and *Grant v. State*, 258 Ga. 299 (368 SE2d 737) (1988) (mandatory life sentence for second conviction for selling cocaine is constitutional).[1]

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 4, 1989.

*Robert C. Sacks*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney,* for appellee.

---

[1] Wyatt does not challenge the statute on Fourteenth Amendment grounds. This case does not present the problem of incarceration of an indigent for failure or inability to pay a fine. See *Bearden v. Georgia*, 461 U. S. 660 (103 SC 2064, 76 LE2d 221) (1983).