A90A0046. PHELPS v. THE STATE.
(393 SE2d 501)

DEEN, Presiding Judge.

Appellant Phelps was stopped for speeding on highway I-95 in Liberty County. While one of the law enforcement officers was writing the citation, the other requested permission to search the vehicle for weapons or drugs. According to the officer's testimony, Phelps replied, "I don't have any of that," and handed over the car keys. One of the officers then proceeded to search the interior of the vehicle. A paper bag visible in the automobile's interior light was found under the dashboard; it contained a white, powdery substance resembling cocaine. At that point the officer drew his gun and informed appellant that he was under arrest for possession of cocaine. According to the officers' testimony, Phelps replied, "I know."

At the hearing on Phelps' motion to suppress, appellant testified that he had given neither written nor oral consent to the search of his vehicle. The officers testified that one of them had left his consent forms in his own vehicle and that the driver had run out of them.

They testified further that it was standard procedure in the Liberty County Sheriff's Department to obtain *either* written *or* oral consent to search; and that, moreover, they had attempted to record Phelps' oral consent on a micro-cassette tape-recorder. They testified, however, that the noise of traffic on the heavily traveled highway had rendered the recording almost totally unintelligible, and that through inadvertence it had subsequently been discarded.

The trial court denied the motion to suppress, and at trial a jury found Phelps guilty as charged. On appeal he enumerates as error the denial of the motion to suppress, alleging that the State had failed to prove that the search was consensual and, further, had violated appellant's due process rights by failing to retain allegedly exculpatory evidence in the form of appellant's statements on the tape recording. *Held*:

It is well settled that, unless clearly erroneous, the ruling of the trial court on questions of fact and credibility at a hearing on a motion to suppress will not be disturbed on appellate review. *Woodruff v. State*, 233 Ga. 840 (213 SE2d 689) (1975); *Seals v. State*, 181 Ga. App. 687, 688 (353 SE2d 577) (1987). We find no error here.

Appellant contends that the State's failure to produce the tape on which Phelps allegedly gave his consent — or refusal — violated his due process rights under the Fourteenth Amendment. Our scrutiny of the record indicates that the failure to produce the tape did not violate either the Fourteenth Amendment or the mandate of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

*Judgment affirmed. Pope, J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED APRIL 16, 1990.

*John E. Sawhill III, William F. Sparks*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., J. Stephen Archer, Assistant District Attorneys*, for appellee.