A90A2277, A90A2302. HAMIL v. THE STATE (two cases).
(403 SE2d 828).

CARLEY, Judge.

A search warrant was issued for the "premises known as Hamil Clearing and Grading, 9765 Brumbelow Road, Alpharetta, Ga. 30201 (unincorporated Fulton County) and . . . adjacent buildings and vehicles on said premises. . . ." In executing this warrant, large amounts of marijuana and currency were discovered in what was apparently a residential, rather than a commercial, building. Based upon this discovery, appellants were jointly indicted for possession of marijuana with intent to distribute. Their motion to suppress was denied and they were found guilty after a bench trial. Appellants filed separate notices of appeal, but identical enumerations of error. The two appeals are hereby consolidated for appellate disposition in this single opinion.

1. The affidavit upon which the search warrant was issued contained the statement that "[a]n independent investigation by Affiant [had] confirmed information supplied by the informant." At the hearing on the motion to suppress, appellants attempted to show that this statement was false. However, the affiant himself testified at the suppression hearing and his testimony would authorize a finding that the statement in his affidavit was true. Compare *Daniels v. State*, 183 Ga. App. 651 (359 SE2d 735) (1987). The trial court, sitting as the finder

of fact, obviously believed the affiant's testimony and concluded that "the reliability of the confidential informant was satisfactory, was checked out independently. . . ." "It is well settled that, unless clearly erroneous, the ruling of the trial court on questions of fact and credibility at a hearing on a motion to suppress will not be disturbed on appellate review. [Cits.]" *Phelps v. State*, 195 Ga. App. 370, 371 (393 SE2d 501) (1990). Accordingly, appellant's contention that the trial court erred in failing to grant the motion to suppress because the warrant had been issued on an affidavit which contained deliberate falsehoods is without merit. *Williams v. State*, 251 Ga. 749, 795-796 (8) (312 SE2d 40) (1983); *Ledbetter v. State*, 190 Ga. App. 843 (1) (380 SE2d 313) (1989).

2. Appellants urge that the warrant, as issued, authorized only a search of business premises and that their motion to suppress should, therefore, have been granted as to any evidence that was discovered in the residence.

Even though the search warrant may have been issued for premises which were described in commercial terms, the express scope of the warrant nevertheless also extended to "adjacent buildings. . . ." See *Gumina v. State*, 166 Ga. App. 592, 595 (2) (305 SE2d 37) (1983). Moreover, the trial court apparently relied upon *Maryland v. Garrison*, 480 U. S. 79, 88 (II) (107 SC 1013, 94 LE2d 72) (1987), which holds that a good-faith mistaken belief on the part of the officers that the area being searched is within the scope of the warrant that is being executed does not mandate suppression. A review of the transcript of the suppression hearing demonstrates that the trial court was authorized to find that "the officers' conduct was consistent with a reasonable effort to ascertain and identify the place intended to be searched within the meaning of the Fourth Amendment." *Maryland v. Garrison*, supra at 88. Accordingly, the trial court did not err in failing to grant the motion to suppress the evidence that was discovered in the search of the residence pursuant to this warrant.

3. A rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellants' guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 22, 1991 —
REHEARING DENIED MARCH 7, 1991 —

*Billy L. Spruell, Brian M. Dubuc*, for appellants.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant*

*District Attorney*, for appellee.