A92A1848. THE STATE v. CORBETT et al.
(423 SE2d 38)

McMURRAY, Presiding Judge.

Defendants Corbett and Page are charged by indictment with a violation of the Georgia Controlled Substances Act, possession of cocaine. Defendant Corbett is also charged with driving under the influence of alcohol. The State appeals following the grant of defendants' motion to suppress evidence. *Held*:

A police officer patrolling a residential area which had been the site of a number of recent burglaries drove past the residence of the parents of a fellow officer at approximately 1:45 a.m. The officer knew that the keys to this home had been taken in a recent burglary. The officer observed a light blue pickup parked at the bottom of the driveway with the motor running and saw one occupant in the vehicle. The patrolling officer was not familiar with this vehicle from previous drives by the residence and attempted by radio to contact the resi-

dents' son in order to find out if the vehicle belonged there. Meanwhile on a second drive by, the officer saw a second occupant in the pickup. After making contact with the residents' son and learning that the blue pickup was unknown to him, the patrolling officer returned to the residence, parked in the street behind the pickup and approached the vehicle. The officer went to the driver's window and asked defendant Corbett what he was doing there. "He said he had been waiting for a friend, someone who lived in the house, and . . . he advised [the officer] that the man's name was John, or the person's name was John, and he couldn't advise [the officer] of [the] last name." At that point the officer took defendant Corbett out of the vehicle, patted him down and put him in the back seat of the patrol car. The officer then approached the passenger side of the pickup, and had defendant Page step from the vehicle. As defendant Page was stepping out of the pickup, the officer noticed, on a ledge between the door and the seat, what appeared to be a piece of radio antenna with one end burned which the officer recognized as a straight shooter, an instrument in which crack cocaine is smoked. There was a little white substance in the end of the device. The officer handcuffed defendant Page and advised the defendants that they were under arrest for a violation of the Georgia Controlled Substances Act. After further conversation with defendant Corbett revealed that his eyes were red and glassy and that there was a heavy odor of alcohol on his breath, the officer decided to also charge defendant Corbett with driving under the influence.

The trial court found that defendant Corbett was placed under arrest when he was placed in the back seat of the patrol car, that there was no objective evidence of a crime being committed by either defendant at the time of this arrest, and that the discovery of the straight shooter and of defendant Corbett's intoxication were the fruits of this illegal arrest. In concluding that defendant Corbett was placed under arrest when put in the patrol car, the trial court cites *Florida v. Royer*, 460 U. S. 491 (103 SC 1319, 75 LE2d 229), and notes that defendant Corbett "as a reasonable person would have believed that he was not free to leave."

The police officer testified that he placed defendant Corbett in the back seat of the patrol car for his protection while he dealt with defendant Page. There were no handles on the inside of the back doors of the patrol car so that defendant Corbett could not have exited the vehicle. The officer testified that defendant Corbett was not in custody, but was not free to go and was being detained for investigation.

" ' "Theoretically, there are at least three kinds of police-citizen encounters: verbal encounters involving no coercion or detention; brief 'stops' or 'seizures' which must be accompanied by a reasonable

suspicion; and 'arrests' which must be supported by probable cause. (Cits.)" (Cit.)' *Calixte v. State*, 197 Ga. App. 723, 725 (2) (399 SE2d 490) (1990)." *State v. Akinsonwon*, 200 Ga. App. 287 (407 SE2d 434). The trial court has held, and it is uncontroverted that there was no probable cause for the arrest of defendant Corbett at the time he was placed in the patrol car. The State argues that when defendant Corbett was placed in the patrol car, he was seized but not arrested.

As previously noted, the trial court viewed defendant Corbett as under arrest when he was placed in the patrol car because a reasonable person would have believed that he was not free to leave. However, this is not the correct test to determine whether a person has been arrested but is the test for whether a person has been seized. *State v. Akinsonwon*, 200 Ga. App. 287, 288, supra; *Ward v State*, 193 Ga. App 137 (1), 138 (387 SE2d 150); *King v. State*, 161 Ga. App. 382 (1), 383 (288 SE2d 644). The correct test for determining whether a suspect has been arrested is whether a reasonable person in the suspect's position would have thought the detention would not be temporary. *Scretchen v. State*, 192 Ga. App. 436 (1), 437 (385 SE2d 115).

It is uncontroverted that defendant Corbett was seized. However, under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889), we recognize that a police officer who lacks probable cause may momentarily detain a suspicious individual in order to determine his identity or to maintain the status quo while obtaining more information. Where the officer has the reasonable suspicion which will justify detaining a suspect briefly, we have approved of detention in the back seat of a patrol car for 10 to 15 minutes as being within the duration of the seizure contemplated under *Terry v. Ohio*. See *Alexander v. State*, 166 Ga. App. 233, 235 (2) (303 SE2d 773).

In using the test for whether a seizure has occurred to determine that defendant Corbett was arrested at the time he was placed in the patrol car, the trial court applied an inappropriate principle of law and erred. The trial court's grant of defendants' motion to suppress evidence must be reversed and the case remanded to the trial court for reconsideration of defendants' motion to suppress evidence under correct principles of law.

*Judgment reversed and case remanded with direction. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 23, 1992.

*Robert E. Keller, District Attorney, Daniel J. Cahill, Jr., Assistant District Attorney*, for appellant.

*Jerry L. Patrick, Jr., Suellen Fleming*, for appellees.