## A92A1949. ANDERSON v. THE STATE.
### (428 SE2d 803)

JOHNSON, Judge.

Robert Wesley Anderson pled guilty to trafficking in cocaine, possession of marijuana, and possession of a firearm by a convicted felon. His pre-trial motion to suppress evidence was denied by the trial court, and Anderson properly reserved his right to appeal from the order denying his motion to suppress when he entered his plea.

Although the testimony presented at the suppression hearing was conflicting, the trial court was authorized by the evidence to find that on the evening of July 17, 1989, a police officer operating a radar unit detected two cars speeding northbound on I-75. The cars appeared to be traveling together because they were traveling in tandem. The officer stopped the first car for speeding, searched it incident to the traffic arrest and found $26,063 inside. He then radioed other officers in the vicinity to be on the lookout for the other car. While enforcing traffic on I-75, another officer received the lookout for a blue Chevrolet Cavalier with a Fulton County tag being driven by a black male.

Approximately one hour later, he clocked a car traveling 75 mph in a 65 mph zone and stopped it for speeding. The car was a gray Chevrolet Celebrity and the driver was Anderson, a black male. After pulling the car over, the officer remembered the lookout call. At the officer's request, Anderson produced his driver's license and an insurance card. Suspecting that Anderson's car was the subject of the lookout, the officer called for a "back-up" officer who arrived on the scene. He then issued a traffic warning to Anderson for speeding and handed it to him along with his license and the insurance card. He obtained oral consent from Anderson to search the car and found 20 kilograms of cocaine in the trunk. Anderson was charged with trafficking in cocaine. Subsequently, a search warrant was issued for Anderson's apartment. A search resulted in the additional charges of possession of marijuana and possession of a firearm by a convicted felon.

1. Anderson contends that the trial court erred in denying his motion to suppress because the stop was a pretextual stop based upon an impermissible drug courier profile. This contention is without merit. There is no evidence in the record indicating that the drug courier profile was used in making the traffic stop. To the contrary, the court found that the car was speeding and that it was stopped for that reason. It is well settled that the trial court's ruling on questions of fact at a hearing on a motion to suppress will not be disturbed unless clearly erroneous. *Hamil v. State*, 198 Ga. App. 869, 870 (1) (403 SE2d 828) (1991). We find no error.

2. Anderson further contends that the trial court erred in denying his motion to suppress because he did not consent to the search of the car. The arresting officer testified that after handing Anderson the traffic warning, his driver's license, and the insurance card, he asked for and obtained consent to search the car. The trial court was therefore authorized by the evidence to find that Anderson had consented to the search, and the order denying the motion to suppress shall not be disturbed. See *Hamil*, supra.

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED MARCH 3, 1993.

*Thomas L. Washburn III*, for appellant.

*Robert E. Keller, District Attorney, Gregory K. Hecht, Assistant District Attorney*, for appellee.