A93A0669. BENNETT v. THE STATE.
(433 SE2d 98)

JOHNSON, Judge.

We granted Edward Bennett's application for interlocutory appeal from the trial court's denial of his motion to suppress evidence. The trial court was authorized to find the following: An officer with the City of Savannah Police Department was engaged in a surveillance operation in a known drug area in Savannah in connection with his investigation of a series of armed robberies which had occurred in the area. Each of the armed robberies had occurred when the victim had come into the area to purchase drugs and had then been robbed. While on this surveillance, the officer observed a car being driven by Bennett and occupied by a passenger enter the area and stop. When Bennett stopped his car, it was approached by an individual who was holding out his hand and who leaned into the car. Based upon his experience, the officer believed but could not be certain that a drug transaction had taken place. He followed as Bennett drove his car from the immediate area, and he observed that the passenger appeared to be drinking from a can. The can appeared to be a beer can, but the officer could not be certain. The officer also testified that he wanted to warn the occupants of the car about the armed robberies which had occurred in the area. Based upon all of these factors, the officer decided to stop Bennett's car. Having made the stop he approached the car and was then able to see that the beverage can he had previously observed was indeed an open container of beer. He then asked for and obtained Bennett's consent to search the car. When he opened the door, he saw a small, rocklike substance, which

he believed to be cocaine, lying in the door opening near the floorboard of the car. He placed both Bennett and the passenger under arrest.

Bennett contends that the trial court erred in denying his motion to suppress the cocaine found in his car, arguing that the stop of the car was pretextual. We disagree.

"Although an officer may conduct a brief investigatory stop of a vehicle, such a stop must be justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. . . . An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." (Citations and punctuation omitted.) *Tarwid v. State*, 184 Ga. App. 853, 854 (1) (363 SE2d 63) (1987).

Here, the officer had observed the exact pattern of activity that he was investigating. It appeared to him that Bennett had been involved in a drug transaction with the individual who had approached his car and he therefore had reasonable suspicion that criminal conduct had occurred. The officer had further reason to stop the car after observing the passenger drink out of what appeared to be an open canned beverage, believing that Savannah's open-container ordinance was being violated.[1] The desire to warn the occupants of the robberies was itself a valid reason for making a brief stop of the vehicle. Thus, any one of these three reasons would authorize a brief investigatory stop. Having made the stop and immediately confirmed that the passenger was in fact drinking from an open container of alcoholic beverage gave the officer probable cause to believe a crime was being committed.

Although Bennett does not specifically contend that his consent to the search was the tainted product of the alleged pretextual stop of his vehicle, we note that "(a) valid consent eliminates the need for either probable cause or a search warrant." (Citation and punctuation omitted.) *Hunter v. State*, 190 Ga. App. 52, 53 (378 SE2d 338) (1989).

It is well settled that a trial court's ruling on questions of fact at a hearing on a motion to suppress will not be disturbed unless clearly erroneous. *Hamil v. State*, 198 Ga. App. 869, 870 (1) (403 SE2d 828) (1991). The trial court was authorized to deny Bennett's motion to suppress.

*Judgment affirmed. Blackburn and Smith, JJ., concur.*

---

[1] Savannah has an "Open Container" ordinance which makes it unlawful for "any person to possess an open container of an alcoholic beverage while operating a vehicle in the city *or while a passenger in or on a vehicle* being operated in the City." (Emphasis supplied.) Savannah City Code § 6-1218 (d).

DECIDED JUNE 22, 1993.

*Karsman, Brooks & Callaway, Charles C. Brooks*, for appellant.
*Spencer Lawton, Jr., District Attorney, David E. Langford, Assistant District Attorney*, for appellee.