A93A1512. GOODMAN v. THE STATE.
(436 SE2d 85)

BLACKBURN, Judge.

On February 21, 1992, a Fulton County Grand Jury indicted appellant, Kent Goodman, for possession of cocaine with intent to distribute. The trial court denied Goodman's motion to suppress the evidence. Thereafter, Goodman reserved the right to appeal the denial of the motion to suppress and pled guilty to the crime charged. On appeal, Goodman's sole enumeration of error raises the trial court's denial of his motion to suppress the evidence.

On January 4, 1992, at 8:30 p.m., Officer M. J. Brown, with the

Atlanta Police Department, and two other officers were approached by a woman who stated that two black males in a late-model-brown Nova were selling narcotics in the area of Hobson and Mary Streets. The officers immediately proceeded to that area and arrived there in approximately one minute. Upon their arrival at the scene, Officer Brown noticed a black male sitting in the driver's seat of a brown Nova parked on Hobson Street. Officer Brown approached the vehicle and noted that Goodman was sitting in the driver's seat and that the keys were in the ignition. Goodman informed Officer Brown that he had just driven to that location and was waiting for a friend to go buy beer. Officer Brown requested Goodman's driver's license and proof of insurance, which Goodman was unable to produce. Goodman told Officer Brown that his name was "Kenny Goodman."

Officer Brown then moved Goodman to the patrol car and requested a check for driver's license on Goodman through tactical radio. While they waited for the license check, Officer Brown backed his car out of sight of the brown Nova. Officer Brown testified that Goodman stated that his friend was Bobby Ingram and Goodman described what Ingram was wearing. Upon Ingram's approach to the vehicle, a chase ensued in which Ingram was eventually caught and searched. During the search of Ingram, the officers discovered cocaine. At approximately the same time, Officer Brown was informed over tactical radio that there was no driver's license under the name "Kenny Goodman." Thereafter, Officer Brown arrested Goodman for failure to have his driver's license or proof of insurance and as a party to a crime involving possession of cocaine with intent to distribute. Officer Brown conducted a search of Goodman incident to arrest and found 21 hits of crack cocaine in Goodman's groin area. It was later determined that Goodman did have a driver's license under the name "Kent Goodman"; therefore, Goodman was never charged with driving without a license.

On appeal, Goodman contends that the initial stop was pretextual. The initial stop of Goodman can be described as a *Terry*-type stop, which must be supported by reasonable suspicion. *State v. Corbett*, 205 Ga. App. 554, 555 (423 SE2d 38) (1992). Officer Brown's reasonable suspicion was based on information obtained from an apparent concerned citizen and the officer's immediate corroboration of the basic facts supplied. The fact that the informant was not shown to be reliable is not relevant to our inquiry. An inquiry into the indicia of reliability of the informant is appropriate when determining the presence or absence of probable cause, but is inapplicable to evaluating information prompting a mere investigatory stop. *Watson v. State*, 159 Ga. App. 618, 619 (284 SE2d 636) (1981).

In order to continue the investigation, in light of Goodman's lack of a driver's license while in control of a motor vehicle, Goodman was

detained briefly by being placed in the patrol car. "Where the officer has the reasonable suspicion which will justify detaining a suspect briefly, we have approved of detention in the back seat of a patrol car for 10 to 15 minutes as being within the duration of the seizure contemplated under *Terry v. Ohio.*" *State v. Corbett,* supra at 556.

In his testimony at the motion to suppress, Goodman contradicted Officer Brown's testimony regarding the events. However, at a suppression hearing, the trial court is the trier of fact and its decision regarding credibility must be accepted unless clearly erroneous. *Harris v. State,* 205 Ga. App. 813, 814 (423 SE2d 723) (1992). A review of the record indicates that the trial court's denial of Goodman's motion to suppress was not erroneous.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 23, 1993.

*Dwight L. Thomas,* for appellant.
*Lewis R. Slaton, District Attorney, Nancy A. Grace, William W. Fincher, Assistant District Attorneys,* for appellee.