A94A1129. BIFFLE v. THE STATE.
(448 SE2d 749)

RUFFIN, Judge.
Appellant pled guilty to possession of cocaine and carrying a concealed weapon, expressly reserving the right to appeal the denial of his motion to suppress. This appeal is properly before this court for review since the plea was not entered within 30 days of the effective date of *Hooten v. State*, 212 Ga. App. 770 (442 SE2d 836) (1994).

A DeKalb County police officer observed appellant driving a vehicle from which loud rap music with profane lyrics was emanating.

The music rattled the windows of the officer's car. The officer pulled behind the vehicle and turned on his blue lights in order to pull the car over and ask appellant to turn the music down. As appellant turned off the road into a parking lot, the officer observed appellant lean down as if reaching under the driver's seat. As the officer approached the driver's side window, he detected the smell of alcohol and saw an open beer bottle on the rear floorboard. Concerned that appellant might have placed additional beer or a weapon under his seat, the officer ordered appellant out of the car. The officer then retrieved a loaded 9 millimeter semi-automatic pistol from under the seat and arrested appellant for carrying a concealed weapon. During an inventory search of the car before it was towed from the scene, the officer discovered what appeared to be a marijuana cigarette in the ashtray. After appellant was transported to the police station, a pat-down search was performed which yielded several small bags of marijuana and a small bag of cocaine.

Appellant contends the trial court erred in denying his motion to suppress because there was insufficient probable cause to search under the seat of the car. Appellant argues that once he was ordered to stand outside the vehicle there was no need for the officer to search under the seat of the car out of concern for his own safety. We disagree.

" 'When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them. (Cits.)' [Cit.]" *Barrett v. State*, 212 Ga. App. 745, 746 (443 SE2d 285) (1994).

The initial stop of appellant's car was authorized since the officer observed the car being operated in violation of OCGA § 40-6-14. *Freeman v. State*, 195 Ga. App. 357 (1) (393 SE2d 496) (1990). Thereafter, the presence of the open beer bottle, the smell of alcohol about the vehicle and appellant's gesture toward the driver's seat immediately after the officer turned on his blue lights gave the officer probable cause to believe that beer had been secreted under the driver's seat in violation of the open container statute, OCGA § 40-6-253, or that a weapon was placed under the driver's seat. Thus, the search was justified. See *Bennett v. State*, 209 Ga. App. 126, 127 (433 SE2d 98) (1993); *Watson v. State*, 190 Ga. App. 696, 697 (379 SE2d 817) (1989). Accordingly, the trial court did not err in denying appellant's motion to suppress.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 15, 1994.

*Corinne M. Mull*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Lee Anne Mangone, Robert M. Coker, Assistant District Attorneys*, for appellee.