A96A1126. HOBDY v. THE STATE.
(475 SE2d 686)

Judge Harold R. Banke.

Willie Thomas Hobdy entered a guilty plea to possession of more than one ounce of marijuana, reserving for appeal the denial of his motion to suppress. At the outset, we note that although a conditional guilty plea of this nature is no longer permitted, in this case, the trial court accepted the plea prior to our decision in *Hooten v. State*, 212 Ga. App. 770, 775 (1) (442 SE2d 836) (1994).

The evidence at the suppression hearing was as follows. While conducting traffic enforcement on I-75, Henry County Police Officer Robbie Bishop noticed a vehicle which appeared to be speeding. Bishop followed the vehicle for about a half-mile calculating its speed as 77 mph in a 65 mph zone. Although Bishop had already decided to stop the vehicle for speeding, he also noticed an improper lane change. According to Bishop, both the driver and Hobdy, his passenger, appeared extremely nervous, avoided eye contact with him and gave inconsistent stories. Bishop sought and received written consent from the driver who owned the car authorizing a vehicle search. Although Bishop testified that Hobdy provided his verbal consent to the vehicle search, Hobdy denied doing so. Hobdy testified that he felt free to leave but not free to object to the search. A search of Hobdy's gym bag revealed several packages of marijuana. The trial court determined that the officer had probable cause for the stop based on the speeding violation and concluded that the officer obtained valid consent from the driver and Hobdy. *Held*:

On appeal, Hobdy contends that his motion to suppress should have been granted because the stop was pretextual and the consent was coerced. A trial court's order on a motion to suppress will not be

disturbed if there is any evidence to support it, and the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994). The hearing testimony does not support Hobdy's assertion of a pretextual stop predicated on an impermissible drug courier profile because there is no evidence in the record indicating that the drug courier profile was used in making the traffic stop. The trial court's determination that the car was stopped for speeding was not clearly erroneous. *Anderson v. State*, 207 Ga. App. 590, 591 (1) (428 SE2d 803) (1993).

The officer's testimony that Hobdy consented to the search was directly contradicted by Hobdy's testimony. It is well settled that unless clearly erroneous, the ruling of the trial court on questions of credibility will not be disturbed on appellate review. *Hamil v. State*, 198 Ga. App. 869, 870 (1) (403 SE2d 828) (1991). We find no error.

Hobdy now seeks for the first time to raise several new issues regarding the search of the vehicle. He contends that his consent was not freely and voluntarily given but was coerced because he was told the vehicle would be impounded. He also argues that the search exceeded the scope of his consent. However, the motion to suppress did not allege these grounds. Nor are these issues supported by Hobdy's testimony in which he claimed that he did not consent and was not asked to consent. Where an entirely different basis for appeal is argued in the brief than was raised at trial, we will not consider it because issues not properly raised and ruled on below cannot be raised for the first time on appeal. *Ellison v. State*, 216 Ga. App. 639, 641 (3) (455 SE2d 361) (1995).

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED AUGUST 29, 1996.

*Edea M. Caldwell*, for appellant.
*Tommy K. Floyd, District Attorney, Kelley S. Powell, Assistant District Attorney*, for appellee.