## A96A1430. JACKSON v. THE STATE.
(477 SE2d 28)

BLACKBURN, Judge.

Charles Robert Jackson appeals his conviction for speeding and failure to yield to an emergency vehicle.

On September 19, 1995, a Cobb County police officer was driving east on MacLand Road when she met a truck driven by Jackson that appeared to be traveling between 60 and 65 mph in a 45-mph zone.

The officer made a U-turn and activated both her blue and wig wag lights. She caught up with Jackson's vehicle at an intersection where businesses with parking areas are located. When Jackson failed to stop at this intersection, the officer gave two short blasts on her siren. Jackson, who is hard of hearing, testified that it was at this point that he first became aware that the officer was following him. Jackson further testified that he then stopped at the next available safe place. According to the officer, however, Jackson did not stop at her signal, but continued for an additional one-half mile, passing various points where he could have safely stopped before eventually stopping. The officer testified that she followed Jackson for approximately 30 seconds before he stopped.

In a bench trial, Jackson was found guilty of speeding and of failure to yield to an emergency vehicle.

1. In his first three enumerations, Jackson asserts that the evidence did not support his conviction for failure to yield to an emergency vehicle. He contends that the evidence was insufficient to demonstrate the elements of the crime charged.

OCGA § 40-6-74 (a) provides: "Upon the immediate approach of an authorized emergency vehicle or a vehicle belonging to a federal, state, or local law enforcement agency making use of an audible signal and visual signals meeting the requirements of Code Section 40-6-6, the driver of every other vehicle shall yield the right of way and shall immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the roadway clear of any intersection and shall stop and remain in such position until the authorized emergency vehicle or law enforcement vehicle has passed, except when otherwise directed by a police officer."

At trial, the judge commented that the evidence seemed to support a charge of attempting to elude. OCGA § 40-6-395 (a) reads in pertinent part, "[i]t shall be unlawful for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer

when given a visual or an audible signal to bring the vehicle to a stop. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such signal shall be in uniform prominently displaying his or her badge of office, and his or her vehicle shall be appropriately marked showing it to be an official police vehicle."

The State prosecuted defendant for his conduct in this incident under OCGA § 40-6-74, operation of vehicles on approach of authorized emergency vehicles, rather than under OCGA § 40-6-395, fleeing or attempting to elude police officer. The State bears the burden of proving the elements of the offense it has elected to charge.

Jackson contends that the State failed to prove that it met the mandates of OCGA § 40-6-6, as required by OCGA § 40-6-74. Pretermitting this question, we note that under the plain language of the statute, a person violates OCGA § 40-6-74 when he fails to yield the right-of-way in order to permit an emergency vehicle *to pass*. To violate the statute, an individual must obstruct the roadway, thereby preventing an emergency vehicle from proceeding upon its route in pursuit of a fleeing suspect or other emergency.

The evidence is uncontroverted that the officer was pursuing Jackson rather than seeking to pass him. The officer's stated purpose was to *stop* Jackson for speeding. Therefore, the State has failed to prove the most fundamental element of the statute charged: that Jackson obstructed the roadway and prevented the officer from *passing* him. In light of this fact, Jackson's conviction for failing to yield to an emergency vehicle must be reversed. While the evidence would support a charge that Jackson was attempting to flee from the officer under OCGA § 40-6-395, the defendant was not so charged.

2. Jackson asserts that the trial court erred in finding him guilty of speeding because the radar information contained within his traffic citation did not conform to the evidence presented by the State at trial. Jackson's citation reflects that this speed was clocked by radar. At trial, the State could not lay a proper foundation for the radar speed check and was forced to rely on the visual estimate of speed made by the officer. See *Brown v. State*, 204 Ga. App. 629 (420 SE2d 35) (1992) ("[o]pinion testimony of an eyewitness may be used to establish speed, its credibility being for the [factfinder] to determine").

Without citing any authority, Jackson asserts that *Brown* should not apply in this case because of his citation's reference to radar evidence. He contends that he was entitled "to be put on notice that it [was] the intention of the State to use only 'opinion' evidence" and that his conviction for speeding should be reversed as "[t]he allegations [made in his citation] were not met by the proof at trial."

No evidence was introduced at trial which unduly surprised

Jackson. He had been charged with speeding by the officer, and her testimony as to his speeding should have been no surprise to him. The difference came not in the evidence that the State used to prove its case, but in the method by which it proved that evidence — the officer's testimony as opposed to the radar report. This enumeration is without merit.

3. Jackson's final enumeration, that the State failed to prove venue, is without merit in light of Jackson's own admission that the incident in question occurred within Cobb County.

*Judgment affirmed in part and reversed in part. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 1, 1996.

*Greene & Associates, Patrick H. Head*, for appellant.
*Benjamin F. Smith, Jr., Solicitor, Lawton W. Scott, Barry E. Morgan, Assistant Solicitors*, for appellee.