## A99A1611. GREEN v. THE STATE.
(521 SE2d 441)

JOHNSON, Chief Judge.

Following a bench trial, Kenny Green was found guilty of possession of less than one ounce of marijuana, possession of methamphetamine, trafficking in methamphetamine, unlawful possession of fireworks, giving a false name to a law enforcement officer, making a false statement, and speeding. Green appeals. We affirm.

Viewed in a light most favorable to support the jury's verdict, the record shows that an officer stopped Green after observing him speeding, confirming his speed with radar, and observing Green crossing the road's fog line twice. As he approached Green's car, the officer observed a box of assorted fireworks in the back seat. When the officer asked Green for his driver's license and insurance card, Green produced two traffic citations in the name of Franklin McEntire. The officer advised Green that it was illegal to possess fireworks in Georgia and had Green wait in his patrol car while he cited Green for speeding and illegal possession of fireworks. While in the patrol car, the officer asked Green for consent to search the vehicle and gave Green a consent to search form which he read and explained to Green. Green signed the consent to search form using the name Franklin McEntire.

Before beginning the search of Green's car, the officer asked Green's passenger to get out of the vehicle and to take an infant out of the vehicle. As the passenger was leaving the car, she reached for a white cloth bag, explaining that she wanted a bottle for the infant. The officer allowed her to get a bottle out of the bag, but instructed her to leave the cloth bag in the car. During the search of the car, the officer discovered $6,000 in cash in a paper bag located inside the white cloth bag and two containers of marijuana and methamphetamine located inside a wooden shadow box cabinet that was behind the front seat. The officer arrested Green and his passenger and dis-

covered Green's true identity the following day.

1. Green contends the trial court erred in denying his motion to suppress based upon the state's alleged failure to prove that the use of a radar speed detection device was in accordance with OCGA § 40-14-1 et seq. This contention lacks merit.

Even if the state did fail to prove that the radar was used in accordance with the required prerequisites, the officer testified at trial that he stopped Green's car because he first observed Green driving in excess of the posted speed limit and then confirmed his observation through the use of radar. It is well-established that opinion testimony of an eyewitness may be used to establish speed and that such evidence is sufficient to authorize a factfinder to conclude that the speeding laws have been violated. *Dunbar v. State*, 228 Ga. App. 104, 111 (4) (491 SE2d 166) (1997); *Jackson v. State*, 223 Ga. App. 27, 28 (2) (477 SE2d 28) (1996); *Nairon v. State*, 215 Ga. App. 76, 78 (3) (449 SE2d 634) (1994). In addition, Green admitted at the motion to suppress hearing that he was speeding. Based on this evidence, it is undisputed that Green was speeding and that the officer was authorized to stop Green's vehicle. See *Dunbar*, supra; *Freeland v. State*, 223 Ga. App. 326 (1) (477 SE2d 633) (1996). The trial court properly denied Green's motion to suppress.

2. Green next contends the trial court erred in denying his motion to suppress because he was illegally detained and his vehicle was searched without proper consent or a warrant. This contention also lacks merit.

> When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision. The evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless are clearly erroneous. Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them.

(Citations and punctuation omitted.) *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990).

Contrary to Green's contention, the stop was not unlawful. As we stated in Division 1, based on the officer's observations of Green's speed, the stop was legal. We therefore turn to Green's argument that his consent was not freely and voluntarily given because he was being illegally detained in the back of the officer's patrol car at the time he gave the consent.

According to the record, Green was placed in the back seat of the

patrol car while the officer issued him citations for speeding and possession of fireworks. This was done for the safety of Green and the officer since they were on a road shoulder alongside an interstate highway. There were no handles on the inside of the back doors of the patrol car so Green could not have left the vehicle. The officer testified that Green was not free to go and was being detained for investigation. Green contends these facts show that his consent to search was the product of an illegal detention in the patrol car. We disagree.

We have previously held that where an officer has reasonable suspicion to justify detaining a suspect briefly, a ten to fifteen minute detention in the back seat of a patrol car is valid. *Goodman v. State*, 210 Ga. App. 369, 371 (436 SE2d 85) (1993); *State v. Corbett*, 205 Ga. App. 554, 556 (423 SE2d 38) (1992). In the present case, the officer stated Green acted "real nervous" and he believed there may have been more fireworks in the vehicle. He therefore asked Green for consent to search the car, which Green gave. Green's argument that his consent to search was not freely and voluntarily given because he was detained in the back of the police car at the time he gave the consent lacks merit. See *Cotton v. State*, 237 Ga. App. 18, 20 (513 SE2d 763) (1999). The order denying the motion to suppress will not be disturbed. See *Anderson v. State*, 207 Ga. App. 590, 591 (2) (428 SE2d 803) (1993).

We also reject Green's argument that his consent was not freely and voluntarily given based on contradictions in the officer's testimony regarding his consent. During a suppression hearing and during a bench trial, the trial court is the trier of fact, and its decision regarding credibility must be accepted unless clearly erroneous. *Goodman*, supra at 371.

3. The trial court did not err in failing to grant Green's motion to suppress evidence obtained "in the search of a diaper bag belonging to the passenger of his vehicle." As even Green's enumeration of error shows, he has never asserted a possessory or proprietary interest in his passenger's white cloth bag. Thus, he lacks standing to challenge the admissibility of the $6,000 confiscated from the bag. See *State v. Harris*, 236 Ga. App. 525, 529 (3) (513 SE2d 1) (1999); *Lewis v. State*, 233 Ga. App. 560, 561-562 (2) (504 SE2d 732) (1998).

4. Green contends Georgia's trafficking in methamphetamine statute is unconstitutional because it requires a mandatory minimum sentence regardless of the percentage of methamphetamine found in the mixture. See OCGA § 16-13-31. According to Green, the statute raises the possession of infinitesimal and unusable quantities of methamphetamine, contained within some other substance, to the level of trafficking based merely on the amount of the entire mixture. We need not address whether this argument has merit since the record shows that Green was in possession of 54.5 grams of metham-

phetamine and the weight of the total sample was 56.7 grams. Thus, his argument regarding infinitesimal amounts of methamphetamine within a larger mixture does not apply to the facts of his case. In addition, Green's argument that the mandatory fines imposed under OCGA § 16-13-31 violate constitutional standards has been decided adversely to him in *Wyatt v. State*, 259 Ga. 208, 209 (2) (378 SE2d 690) (1989).

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 3, 1999 —
RECONSIDERATION DENIED AUGUST 16, 1999

*John A. Nuckolls*, for appellant.

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.