## A01A1511. SNOW v. THE STATE.
(552 SE2d 900)

JOHNSON, Presiding Judge.

Following a bench trial on stipulated facts, Timothy Snow was found guilty of forgery and financial transaction card fraud. In his sole enumeration of error, Snow contends the trial court erred in denying his motion to suppress his identity, a witness' identification of him, and physical evidence found in a police car. According to Snow, these items should have been excluded at trial because police arrested him without probable cause. We find no merit in this argument and affirm his convictions.

When reviewing a trial court's decision on a motion to suppress, this Court's responsibility is to ensure that there was a substantial basis for the decision.[1] We construe the evidence most favorably to uphold the findings and judgment, and we adopt the trial court's findings on disputed facts and credibility of the witnesses unless they are clearly erroneous.[2] Furthermore, because the trial court is the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if any evidence supports them.[3]

Viewed in this light, the evidence shows that on October 28, 1999, a man later identified as Snow attempted to purchase over $600 worth of gift cards at a Home Depot store. When the cashier attempted to verify the American Express card the man was using, Snow became nervous and fled the scene. The cashier told a police officer working part-time at the store what had happened. She informed the officer that the man presented her with an American Express card and a New York driver's license in the name of Tom Black. The officer saw the suspect enter the Mrs. Winner's restaurant next door to the Home Depot and radioed a lookout giving the description of the suspect and his clothing.

A sergeant located in a parking lot almost directly across the street drove to Mrs. Winner's and saw Snow in front of the restaurant. Snow matched the physical description of the suspect, and his clothing matched that described in the lookout. The sergeant stopped Snow, patted him down, then placed him in the back of his patrol car

---

[1] *Huntley v. State*, 244 Ga. App. 212, 213 (1) (535 SE2d 270) (2000).

[2] Id.

[3] Id.

and drove next door to Home Depot. Snow was not able to get out of the car, and the sergeant testified that he would not have let Snow leave.

The officer working at Home Depot went out to the patrol car and asked Snow if he had the American Express card. Snow repeatedly responded that he did not have an American Express card and that he did not know what the officer was talking about. The cashier came out of the store and identified Snow with certainty as the suspect. At this point Snow was arrested, a uniformed officer was called, and this officer transported Snow to the jail. Subsequently, the sergeant looked in his patrol car and found the American Express card and the driver's license on the floor in the backseat. American Express was called and verified that the card had been altered.

Snow contends that the police lacked probable cause to arrest him because they had no information prior to his arrest that he was engaged in any illegal activity. We disagree. Snow attempted to buy an unusually large amount of gift cards, he used a credit card for the purchase, he presented an out-of-state identification, and he left the store without a word when the cashier attempted to verify the card from American Express. These actions gave the officers, at a minimum, reasonable suspicion to stop Snow.

Under *Terry v. Ohio*,[4] a police officer who lacks probable cause may momentarily detain a suspicious individual in order to determine his identity or to maintain the status quo while obtaining more information. We disagree with Snow's argument that he was arrested when the sergeant placed him in the patrol car. The test for determining whether a suspect has been arrested is whether a reasonable person in the suspect's position would have thought the detention would not be temporary.[5] Here, Snow was seized, but not arrested. He was merely transported next door so the officers could obtain more information regarding the transaction at Home Depot. "Where the officer has the reasonable suspicion which will justify detaining a suspect briefly, we have approved of detention in the back seat of a patrol car for 10 to 15 minutes as being within the duration of the seizure contemplated under *Terry v. Ohio*."[6] Thus, while Snow was not free to leave and was seized, we cannot conclude that, based on the circumstances, he was arrested when he was placed in the patrol car.

After Snow was brought back to Home Depot, he denied any knowledge about the credit card transaction, despite positive identifications by both the officer working at Home Depot and the cashier

---

[4] 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).
[5] *State v. Corbett*, 205 Ga. App. 554, 556 (423 SE2d 38) (1992).
[6] Id.

who attempted to verify the credit card. His arrest at this point was supported by probable cause. Probable cause exists where the facts and circumstances within the officer's knowledge were sufficient to warrant a prudent person in believing the person suspected had committed or was committing an offense.[7] Based on the totality of circumstances surrounding the credit card transaction, including the large amount of gift cards Snow attempted to purchase, Snow's flight when the cashier attempted to verify the credit card, and Snow's denial of any knowledge regarding the transaction, sufficient probable cause existed for the officers to believe Snow had committed an offense.[8] Clearly, the American Express card and New York driver's license subsequently found in the patrol car, as well as the officer's subsequent discovery that the American Express card had been altered, were also admissible at trial.[9] We find a substantial basis for the trial court's denial of Snow's motion to suppress.

*Judgment affirmed. Ellington, J., concurs. Ruffin, J., concurs in judgment only.*

### DECIDED JULY 25, 2001.

*Barry M. Hazen,* for appellant.

*J. Tom Morgan, District Attorney, David W. Bass, Jeanne M. Canavan, Rachelle L. Strausner, Assistant District Attorneys,* for appellee.

---

[7] *Mitchell v. State,* 200 Ga. App. 146, 147 (1) (407 SE2d 115) (1991).

[8] Id.

[9] See *Edwards v. State,* 239 Ga. App. 44, 45-46 (1) (518 SE2d 426) (1999); *Baker v. State,* 202 Ga. App. 73, 75 (1) (413 SE2d 251) (1991).