### A01A2354. CASEY v. THE STATE.
(561 SE2d 219)

JOHNSON, Presiding Judge.

Calen Casey was convicted of speeding. He appeals, arguing that his conviction should be overturned on the ground that the trial court erroneously admitted the results of a laser speed detection device because there is no evidence that the Georgia State Patrol has a license in compliance with the Federal Communications Commission.[1] Although the state introduced into evidence two FCC radio station licenses for the Georgia State Patrol, Casey argues that these licenses are inadequate because they make no mention of laser speed detection devices. Pretermitting the issues of whether the licenses were adequate and the laser evidence admissible, however, is the fact that even absent the laser evidence, there is other testimony sufficient to support Casey's speeding conviction.[2]

The Georgia State Trooper who cited Casey for speeding testified that he had been certified in both laser and radar speed detection and that he had been trained to make a visual estimate of a vehicle's speed before checking the speed with a detection device. He said that on April 22, 2001, he was checking northbound traffic on Interstate

---

[8] *Cox*, supra at 13 (1).

[9] See id.; *Smith*, supra.

[1] OCGA § 40-14-4 provides: "No state, county, municipal, or campus law enforcement agency may use speed detection devices unless the agency possesses a license in compliance with Federal Communications Commission rules. . . ."

[2] Compare *Izer v. State*, 236 Ga. App. 282, 284 (511 SE2d 625) (1999) (conviction reversed because erroneously admitted laser speed detection evidence was only evidence supporting speeding conviction).

75 in Cherokee County when he saw Casey's car passing other vehicles. The trooper estimated that Casey's speed, in miles per hour, was somewhere in the high 80s to low 90s, well in excess of the 65-mph speed limit. He then checked Casey's speed with his laser device and ticketed him for traveling at a speed of 95 mph.

Moreover, Casey himself admitted during the trial that he had been speeding. He testified that prior to being stopped he had been traveling at a speed of 85 mph. But he claimed not to know how fast he was going at the time the trooper checked him with the laser device.

"Opinion testimony of an eyewitness may be used to establish speed, its credibility being for the jury to determine, and such evidence is sufficient to authorize a jury to conclude that the speeding laws have been violated."[3] Here, not only is there the trooper's eyewitness testimony that Casey was speeding, but there is also Casey's in-court admission that he was speeding. Consequently, even if we assume, without deciding, that the laser evidence should have been excluded, there was sufficient other evidence to authorize Casey's conviction.[4]

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED MARCH 1, 2002.

*Abernathy & Ballinger, H. Stephen Abernathy, Eric A. Ballinger,* for appellant.

*G. Channing Ruskell, Solicitor-General, Nancy D. Carson, Assistant Solicitor-General,* for appellee.

---

[3] (Citations and punctuation omitted.) *Nairon v. State*, 215 Ga. App. 76, 78-79 (3) (449 SE2d 634) (1994).

[4] See *Jackson v. State*, 223 Ga. App. 27, 28-29 (2) (477 SE2d 28) (1996); *Nairon*, supra.